UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 19 CR 582 |
| v. ) | |
| ) | Judge Charles Norgle, Sr. |
| DAVID IZSAK ) | |

**MOTION FOR A PROTECTIVE ORDER TO PRESERVE CERTAIN
PROPERTY SUBJECT TO FORFEITURE**

The United States of America, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, moves for entry of a protective order preserving certain property subject to forfeiture, pursuant to the provisions of Title 21, United States Code, Section 853(e), as incorporated by Title 18, United States Code, Section 982(b)(1), and in support thereof submits the following:

1. On July 17, 2019, an indictment was returned charging defendant DAVID IZSAK with violations of 18 U.S.C. §§ 1344 and 1028A.

2. Pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A), the indictment seeks forfeiture to the United States of certain property, constituting and derived from proceeds the defendant obtained, directly or indirectly, as a result of his violations of 18 U.S.C. § 1344, namely (i) funds in the amount of $100,961.40 seized on or about February 21, 2017, previously held in Citibank account number XXXXX3647, in the name of Premier Assets, and (ii) a 2004 Carver 570 Voyager 57' watercraft, bearing Hull ID CDRNA172B404 and the name "Flying Lady," and all equipment, inventory and effects thereon contained, seized on or about October 21, 2017..

3. On April 26, 2017, Premier Assets, Inc. filed a claim asserting an interest in funds in the amount of $100,961.40. On December 8, 2017, David Izsak filed a claim asserting an interest

in the Flying Lady. On January 5, 2018, United Bank filed a claim asserting an interest in the Flying Lady;

4. On April 27, 2017, the FBI referred the forfeiture of the cash to the United States Attorney's Office to commence a civil forfeiture action pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C). On January 11, 2018, the FBI referred the forfeiture of the boat to the United States Attorney's Office to commence a civil forfeiture action pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C). However, the United States is proceeding against the foregoing property pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A) by including the property in the forfeiture allegation of the indictment;

5. The government requests entry of this order to preserve and protect the property so that it is ultimately available to satisfy any forfeiture judgment entered by the Court at the time of sentencing pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)(II), which provides that when the government chooses to forfeit property that has been seized for civil forfeiture proceedings, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute if a claim has been filed."

6. If defendant DAVID IZSAK is found guilty of certain offenses charged in the indictment, that conviction likely will result in the entry of a forfeiture judgment and forfeiture of the seized property. Accordingly, the United States seeks this protective order to preserve the status quo and to secure the property so that, upon the entry of a forfeiture judgment, the United States will be able to satisfy the judgment.

7. Because the property is in the custody of the United States, and the grand jury has determined that there is probable cause to believe that the property is subject to forfeiture, the government requests that an order be entered allowing it to maintain custody of the seized assets

pursuant to 21 U.S.C. § 853(e)(1), as incorporated by 18 U.S.C. § 982(b)(1), to preserve the availability of the property for forfeiture. Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases similar to this case, where the property in question is already in government custody, it is not appropriate for a court to issue a seizure warrant directing the government to seize property from itself. *See In Re: 2000 White Mercedes* ML320, 220 F. Supp. 1322 (M.D. Fla. Sept. 25, 2001) (if property is already in government custody, no § 853(f) seizure warrant can be issued, as an order would be sufficient to preserve the property).

8. There is probable cause to believe that defendant DAVID IZSAK committed the charged offenses, as alleged more fully in the indictment, and that the foregoing property constitutes or is derived from proceeds obtained, directly or indirectly, as a result of his bank fraud activities is therefore subject to forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A). This motion for a protective order is brought to preserve the availability of the property for forfeiture until conviction in lieu of a civil forfeiture proceeding pursuant to 18 U.S.C. § 983.

9. As set forth in the indictment, the government intends to seek forfeiture of this property as part of the prosecution of this matter. In order to ensure that the property is available for forfeiture proceedings, the United States must maintain custody of this property. If this property, subject to forfeiture, is not maintained in the government's custody pending the outcome of the any forfeiture proceedings, it is likely to be transferred, concealed or otherwise made unavailable to satisfy the defendant's forfeiture liability. If the seized assets are transferred or concealed, it will be difficult, if not impossible, to trace this property that was used or intended to be used to facilitate the commission of bank fraud activities. Further, upon entry of a forfeiture judgment, considering the character of this property, it will not be available to satisfy any forfeiture judgment entered by this Court at the time of sentencing.

WHEREFORE, pursuant to 21 U.S.C. § 853(e)(1), as incorporated by 18 U.S.C. § 982(b)(1), the United States respectfully moves this Court to enter an order directing that the foregoing property be maintained by the United States through the conclusion of the pending criminal case or until further order of the Court.

                                              Respectfully submitted

                                              JOHN R. LAUSCH, JR.
                                              United States Attorney

By:    */s/ Sheri H. Mecklenburg*
        SHERI H. MECKLENBURG
        Assistant United States Attorney
        219 South Dearborn Street, Room 500
        Chicago, Illinois 60604
        (312) 469-6030