# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 19 CR 582 |
| | ) | |
| DAVID IZSAK | ) | Hon. Judge Shah |

## PROPOSED JURY INSTRUCTIONS

NOW COMES <u>DAVID IZSAK</u>, by and through his attorney, Nishay Sanan, and submits his proposed Jury Instructions. Defendant reserves the right to supplement these instructions based on the Court's ruling on the Motion's in Limine and The Government's case-in-chief.

### 18 U.S.C. § 1344(1) SCHEME TO DEFRAUD A FINANCIAL INSTITUTION— ELEMENTS

The indictment charges Daviss Izsak in Counts 1 to 11 bank or financial institution fraud. In order for you to find a defendant guilty of this charge, the government must prove each of the five following elements beyond a reasonable doubt:

(1) That from 2005-2018, there was a scheme, as charged in the Indictment, to defraud Ally Bank, BOA, Barclay, BMO Harris, Fifth Third, ING Bank, fsb later acquired by Capital One Bank, Chase, RBS, TD Bank, United Bank, WAMU, CGI Finance, and PenFed

(2) that Mr. Izsak knowingly carried out that scheme,

(3) that Mr. Izsak acted with the intent to defraud Ally Bank, BOA, Barclay, BMO Harris, Fifth Third, ING Bank, fsb late acquired by Capital One Bank, Chase, RBS, TD Bank, United Bank, WAMU, CGI Finance, and PenFed,

(4) that the scheme involved a materially false or fraudulent pretense, and

(5) that at the time of the charged offenses, Ally Bank, BOA, Barclay, BMO Harris, Fifth Third, ING Bank, fsb later acquired by Capital One Bank, Chase,

>   RBS, TD Bank, United Bank, WAMU, CGI Finance, and PenFed were all insured by the FDIC.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt [as to the charge you are considering], then you should find the defendant guilty [of that charge].

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt [as to the charge you are considering], then you should find the defendant not guilty [of that charge].

Defendant's Proposed Instructions #1 18 USC 1344(1) Pattern Instruction modified based upon Court's ruling on Motion to Dismiss.

## 18 U.S.C. §1344 DEFINITION OF SCHEME

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

To prove a scheme to obtain moneys, funds, credits, assets, securities, or other property belonging to a bank or financial institution by means of false pretenses, representations or promises, the government must prove that the false pretense, representation or promise charged was what induced or would have induced the bank or financial institution to part with the money.

In considering whether the government has proven a scheme to obtain moneys, funds, credits, assets, securities, or other property belonging to or in control of a bank or financial institution by means of false pretenses, representations or promises, the government must prove the acts charged in indictment describing the scheme.

Defendant's Proposed Instructions #2 18 USC 1344(1) Pattern Instruction modified based upon Court's ruling on Motion to Dismiss.

## 4.04 UNANIMITY ON SPECIFIC ACTS

Counts 1 to 11charge the defendant with a scheme to defraud. The government is required to prove that the defendant participated in one scheme and not multiple different schemes in paragraphs 1 to 41 of the Indictment. To find that the government has proven this, you must agree unanimously that paragraphs 1 to 41 are one cohesive scheme and not multiple schemes, as well as all of the other elements of the crime charged.

Defendant's Proposed Instructions #3 4.04 Pattern Instruction modified based upon Court's ruling on Motion to Dismiss.

**DEFENDANT'S PROPOSED DEFINITION OF "EXECUTION"**

An Execution must put the bank or financial institution at a separate, distinguishable financial risk from the risk it already undertook in making the original loan.

Defendant's Proposed Instructions #4 based upon Court's ruling on Motion to Dismiss; See *United States v. Anderson*, 188 F.3d 886, 891 (discussing *United States v Longfellow* 7th Cir 1994*)*) (7th Cir. 1999) citing to

## 4.04 UNANIMITY ON SPECIFIC ACTS

### (THE FALSE STATEMENT)

Count 1 to 11charge the defendant with making more than one false statement The government is not required to prove that the defendant made every one. However, the government is required to prove that the defendant made at least one of the false statements in that the particular Count. To find that the government has proven this, you must agree unanimously on which particular false statements the defendant made, as well as all of the other elements of the crime charged.

Defendant's Proposed Instructions #5 4.04 Pattern Instruction modified based upon Court's ruling on Motion to Dismiss.