IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID IZSAK,<br><br>Defendant. | Case No. 1:19-cr-00582<br><br>Hon. Charles R. Norgle |

## ORDER

Defendant's motion to dismiss the indictment [60] is denied. Defendant's motion for discovery [62] is denied. Defendant's motion for preservation of rough notes and logs [63] is denied.

## STATEMENT

Three motions remain pending before the Court. First, Defendant moves the Court to dismiss the indictment, making numerous arguments including that Counts 1-11 are prejudicially duplicitous. Next, Defendant moves the Court for an order expanding the government's various disclosure requirements beyond those required under Brady and other authorities. Finally, Defendant requests that the Court require the government to preserve its agents' notes. For the following reasons, the motions are denied. See United States v. Barr, 960 F.3d 906 (7th Cir. 2020) (affirming denial of motion to dismiss indictment); United States v. Reynolds, 189 F.3d 521 (7th Cir. 1999).

Defendant may object, by pretrial motion, that the indictment is defective for failure to state an offense. Fed. R. Crim. P. (12)(b)(3)(B)(v). The indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment "is legally sufficient if it (1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." United States v. White, 610 F.3d 956, 958 (7th Cir. 2010) (the Court reviews the indictment "on its face," and it is generally acceptable for the indictment to "track[] the words of a statute[.]").

The twelve-count indictment alleges that Defendant engaged in a single, overarching scheme to defraud financial institutions from 2005 to 2018 by obtaining loans through false statements, concealing the existence of unpaid loans, falsely obtaining credit, and using fake identities. Dkt 1. Defendant allegedly caused financial institutions to issue mortgages, vehicle loans, a boat loan, lines of credit, and credit card accounts, in total exceeding $4,000,000, by concealing identities, financial conditions, employment information, and encumbrances on collateral. In describing Defendant's illegal activities, the indictment includes four headings: (1)

Fraudulently Obtained Mortgage Loans,[1] (2) Fraudulently Obtained Vehicle Loans, (3) Fraudulently Obtained Boat Loan, and (4) Fraudulently Obtained Credit Card Accounts and Lines of Credit. Id. at 5-13. Counts 1-11 each assert that Defendant "knowingly executed and attempted to execute" the scheme by defrauding a specific financial institution in violation of "18 U.S.C. § 1344." Id. at 13-23. Finally, Count twelve states that Defendant knowingly possessed and used the identification of another in violation of 18 U.S.C. § 1028A. Id. at 24.

Defendant's motion to dismiss makes numerous arguments regarding specific Counts and the indictment as a whole that he says justify dismissal of the entire indictment. First, he claims the indictment should be dismissed because it fails to specify the particular section of the statute under which he is charged. The bank fraud statute states:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice —
>
> (1) to defraud a financial institution; or
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
>
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1344. True, the indictment only cites to 18 U.S.C. § 1344, rather than to § 1344(1) or (2). But the indictment uses language from both sections and provides detail regarding the nature of the scheme by time, place, and transaction, adequately informing Defendant of the charges such that he can prepare a defense. White, 610 F.3d at 958; Dkt. 1 at 3. Second, Defendant asserts that Counts 1-11 fail to allege the specific intent to defraud that is required by the statute. However, each Count states that Defendant *knowingly* executed his scheme, and the indictment recites facts that show Defendant's intent, so that argument is unpersuasive. United States v. Yoon, 128 F.3d 515, 523 (7th Cir. 1997). Third, he says that Count 6 fails to allege that CGI Finance meets the definition of a "financial institution," by only stating that CGI Finance "was a North American subsidiary and branch of Societe Generale, a foreign bank." Dkt. 1 ¶ 1(j). That argument fails because the definition of a financial institution includes a "branch or agency of a foreign bank," and the government at trial may establish that CGI Finance had a place of business in the United States. See 18 U.S.C. § 20(9).

Defendant argues that Counts 1-11 of the indictment are prejudicially duplicitous and do not allow him to plead the judgment as a bar to any future prosecutions. Duplicity "is the joining of two or more offenses in a single count." United States v. Buchmeier, 255 F.3d 415, 421 (7th Cir. 2001). However, "an indictment charging multiple acts in the same count, each of which could be charged as a separate offense, may not be duplicitous where these acts comprise a continuing course of conduct that constitutes a single offense." Id. Defendant says that Counts 1-11 "are duplicitous in that they each allege a single execution of one scheme . . . while simultaneously

---

[1] Specifically, the indictment describes how Defendant used two specific properties as collateral to secure three home equity lines of credit (HELOC) and other loans from multiple financial institutions.

2

alleging multiple unrelated schemes to defraud other financial institutions." Dkt. 61 at 14; see United States v. Longfellow, 43 F.3d 318, 324 (7th Cir. 1994) (the bank fraud statute "is meant to punish each 'execution' of the scheme to defraud, and not each act in furtherance of the scheme to defraud."). Further, Defendant says that the alleged scheme was not a continuing course of conduct that occurred over a discrete period of time. Instead, says Defendant, the allegations extend over 13 years and involve at least 14 different named financial institutions, separate transactions and times, and different actors and methods. United States v. Berardi, 675 F.2d 894, 898 (7th Cir. 1982). At best, says Defendant, certain Counts allege only "acts in furtherance" of an alleged scheme and not an "execution" of an overarching scheme.

The Court disagrees with Defendant's characterization of the indictment and finds that it sufficiently alleges one overarching scheme to defraud lenders and obtain money and property. Defendant claims that "each count of the indictment alleges multiple executions of a scheme to defraud a financial institution in counts 1-11." Dkt. 61 at 17. However, properly viewed, the indictment describes an ongoing scheme over numerous years to obtain fraudulent proceeds from financial institutions for Defendant's personal gain. Each Count alleges a specific execution of that scheme, in which Defendant obtained proceeds or a lien release from a specific financial institution at a specific time. A count is not duplicitous if it charges the commission of a single offense through different means, or if it charges acts that comprise a continuing course of conduct that constitutes a single offense. United States v. O'Brien, 953 F.3d 449, 460 (7th Cir. 2020); United States v. Doherty, 969 F.2d 425, 429 (7th Cir. 1992) ("the term 'scheme to defraud' describes a broad range of conduct[.]"). Defendant's concern regarding the "dangers" of inadequate notice of the charges, "that he may be subjected to double jeopardy, that he may be prejudiced by evidentiary rulings at trial, and that he may be convicted by a less than unanimous verdict" are unfounded. Berardi, 675 F.2d at 899. The indictment is legally sufficient.

Finally Defendant argues that Counts 3 and 4 fail to allege an execution of a scheme to defraud and are otherwise barred by the statute of limitations. He says that these Counts regarding the filing of a document with the recorder of deeds and obtaining a release of a lien are not executions of his bank fraud scheme, because they did not place the financial institution at separate, distinguishable risk of financial loss, like a refinancing would. Longfellow, 43 F.3d at 323. But the removal of the lenders' liens created an additional risk of loss by depriving them of the opportunity for reimbursement through foreclosure, and allowed Defendant to defraud subsequent lenders by obtaining loans on property that appeared unencumbered. United States v. Anderson, 188 F.3d 886, 889 (7th Cir. 1999) ("[A] scheme will include all conduct designed to deceive in order to obtain something of value[.]").

Defendant urges that should the Court not dismiss the indictment, then it should at the least sever the Counts into four groups for four separate trials, based on the government's grouping of the Counts by heading: Mortgage Loans, Vehicle Loans, Boat Loan, and Lines of Credit. The Court declines to do so because the indictment alleges a continuing course of related, ongoing conduct, and the charged offenses are of a like class such that the charges are properly joined. See United States v. Woody, 55 F.3d 1257, 1267 (7th Cir. 1995) ("This court construes joinder under Rule 8 broadly, to enhance the efficiency of the judicial system, and to avoid expensive and duplicative trials, if judicial economy outweighs any prejudice to the defendant.") (cleaned up).

Defendant's motion for discovery is also denied. The motion asks the Court to reiterate and expand the government's discovery obligations under the Jencks Act, Brady v. Maryland, 373 U.S. 83 (1963), and other relevant authority. For example, Defendant asks the Court to order the government to provide a list of witnesses before trial, copies of arrest records of each intended

government witness, Rule 608(b) evidence, and grand jury materials. But Defendant has not shown a particularized need for grand jury materials or any other non-required disclosures, there is no indication that the government has not complied with its obligations, and the government agrees to make ongoing productions of any required material. The Court will not extend or expand the government's requirements beyond those already required by law. United States v. Mosky, No. 89 CR 669, 1990 WL 37106, at *5 (N.D. Ill. Mar. 12, 1990) ("[T]he court will not try to discern whether this phrase is broader than the Brady requirement of disclosure of evidence . . . the court reiterates that the government is obligated to turn over exculpatory evidence favorable to the accused and material to guilt or punishment."); see United States v. Dicosola, No. 12 CR 446, 2013 WL 505223, at *7 (N.D. Ill. Feb. 12, 2013) (providing Giglio materials at least two weeks prior to trial is sufficient).

Lastly, Defendant's motion for preservation of rough notes and logs is denied. Given the government has already agreed to preserve those notes prepared by law enforcement agents, an order is unnecessary and Defendant's motion is moot.

Of course, failure by the government to adhere to its requirements may result in various consequences, up to and including dismissal of charges or disciplinary action against the prosecution.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: August 12, 2022

4