UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID IZSAK | 19 CR 582<br><br>Hon. Manish Shah |

**NOTICE OF INTENT TO NARROW PROOF AND
MOTION TO DISMISS COUNTS ELEVEN AND TWELVE**

The United States of America, by and through its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, hereby provides notice to the defendant and the court of its intent to narrow proof and moves to dismiss Counts Eleven and Twelve of the indictment.

**I.  THE GOVERNMENT INTENDS TO PROVE A VIOLATION OF § 18 U.S.C. 1344(1), NOT A VIOLATION OF 18 U.S.C. § 1344(2).**

On July 17, 2019, a federal grand jury returned an indictment against defendant David Izsak, charging him with bank fraud, in violation of Title 18, United States Code, Section 1344 (Counts One through Eleven), and one count of aggravated identity theft, in violation of Title 18, United States Code, Section 1028A (Count Twelve). Counts One through Ten of the indictment alleges that defendant "participated in a scheme to defraud a financial institution and to obtain money, funds, credits, assets and other property owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, and concealment of material facts[.]"

The charged offense, 18 U.S.C. § 1344, contains two means of violating the statute, by either engaging in a (1) scheme to defraud; or (2) a scheme to obtain money or property

through the use of false and fraudulent statements and pretenses. *See* 18 U.S.C. § 1344(1) and (2). At trial, the government intends to prove a violation of 18 U.S.C. § 1344(1), that defendant participated in a scheme to defraud, and not prove a violation of 18 U.S.C § 1344(2), which involves a scheme to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property.

The indictment currently alleges two different means of violating the bank fraud statute, and the government charged them in the conjunctive. *See Loughrin v. United States,* 573 U.S. 351, 360, 134 S. Ct. 2384, 2391, 189 L. Ed. 2d 411 (2014) (noting that Section 1344 contains two means by which the statute can be violated). It is well-settled that the government can indict in the conjunctive but prove in the disjunctive, and this is no different for Section 1344. *United States v. LeDonne*, 21 F.3d 1418, 1427 (7th Cir. 1994) (holding that Section 1344 can be charged in one count conjunctively, but proven disjunctively); *see also United States v. Stone*, 954 F.2d 1187, 1192 (6th Cir. 1992) (denying defendant's objection that the government did not prove both subsections of § 1344 at trial).

In order to streamline the trial, the government has chosen to proceed only under Section 1344(1)—the scheme to defraud provision—and not both subsections of Section 1344. There is no prejudice to the defendant because he was plainly on notice that both subsections were alleged in the indictment, and that under well settled law the government could prove them disjunctively. The fact that the government has chosen to narrow its proof from what is alleged in the indictment can in no way prejudice the defendant.

## II. GOVERNMENT'S MOTION TO DISMISS COUNTS ELEVEN AND TWELVE

Pursuant to Fed. R. Crim. P. 48(a), the United States moves to dismiss the following counts of the indictment without prejudice:

- Count Eleven, which alleges a violation of Title 18, United States Code, Section 1344.

- Count Twelve, which alleges a violation of Title 18, United States Code, Section 1028A.

## III. GOVERNMENT'S MOTION TO STRIKE SURPLUSAGE IN THE INDICTMENT

Based on the foregoing, the following allegations in the indictment are surplusage and no longer relevant to the jury's determination at trial:

- paragraph 1.f. and 1.g. involving two alias identities used in connection with transactions that will not be presented at trial,

- paragraph 1.i. (identifying J.G., who is the victim of Counts Eleven and Twelve),

- in paragraph 1.j. reference to TD Bank (the financial institution involved in the conduct for Counts Eleven and Twelve) and Ally Bank (not a charged execution),

- in paragraph 2 strike "and to obtain money, funds, credits, assets and other property owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representation, and promises, and concealment of material facts," (§ 1344(2), which the government is not proceedings under),

- in paragraph 6 reference to J.G. (victim of Counts Eleven and Twelve),[1]
- paragraphs 24, 25, 31, 32, 37, 38, and 39 (as they are not charged executions of the scheme),
- in paragraph 34 reference to the J.G. stolen identity (victim of Counts Eleven and Twelve), and paragraph 40 (involving Counts Eleven and Twelve),
- in Count Seven and paragraph 35 to strike the terms "MasterCard Black," as the victim financial institution is Barclays, who utilized both Mastercard and Visa as credit processors and initially used Visa but later changed to Mastercard. The account numbers listed in indictment remain the same, but striking the surplusage will avoid juror confusion.

Federal Rule of Criminal Procedure 7(c) provides that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged . . ." The Court has the ability to allow an amendment of the indictment so long as the changes do not affect an "essential" or "material" element of the offense so as to prejudice the defendant. *United States v. Alhalabi,* 443 F.3d 605, 613 (7th Cir. 2006) (internal quotations and citation omitted). A material or essential element of the offense is defined as "one whose specification with precise accuracy is necessary to establish the illegality of the behavior and the court's jurisdiction." *Id.*

---

[1] Paragraph 6 should also be modified to reference "another real individual" and not refer to "other . . . individuals."

"An indictment may be altered without resubmission to the grand jury as long as the alteration makes no material change and there is no prejudice to the defendant." *United States v. Lorefice*, 192 F.3d 647, 653 (7th Cir. 1999). Courts primarily are concerned with a change to the indictment that expands the bases upon which a defendant could be convicted or that establishes an offense different from one originally charged. *United States v. Trennell*, 290 F.3d 881, 886 (7th Cir. 2006); *United States v. Krilich*, 159 F.3d 1020, 1027 (7th Cir. 1998). The prejudice inquiry in this context focuses on defendant's rightful expectations (1) that he be informed of the charges against him; and (2) that he may be protected against another prosecution for the same offense." *Berger v. United States*, 295 U.S. 78, 82 (1935).

It is well established that the government is permitted to strike allegations not material to a defendant's guilt. An indictment may charge numerous offenses or the commission of any one offense in several ways. *United States v. Miller*, 471 U.S. 130, 136 (1985). In *Miller*, the Supreme Court upheld a conviction after a trial court redacted alternate theories of fraud that had been alleged under 18 U.S.C. § 1341 before the case was presented to the jury. The Court reasoned, "[a]s long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime." *Id.*; *see Salinger v. United States*, 272 U.S. 542 (1926) (upholding conviction in a mail fraud case after the government withdrew a part of the charge, reasoning

5

that the indictment "remained just as it was returned by the grand jury, and the trial was on the charge preferred in it and not on a modified charge").

The Court should allow the government to strike the allegations described above. The result is not prejudicial to defendant. The proposed amendments do not substitute any allegations of fact or theories of prosecution. They do not enlarge the crimes with which defendant is charged. To the contrary, they narrow the bases upon which defendant potentially may be convicted.

While the government is not required to prove every allegation in the scheme, striking said surplusage in the indictment will significantly streamline the government's evidence at trial, reduce the number of witnesses, reduce juror confusion, and reduce unnecessary cumulative evidence.

## IV. CONCLUSION

For the foregoing reasons, the government requests that the Court grant its motion. A proposed amended indictment is attached as Exhibit A.

        Respectfully submitted.

        MORRIS PASQUAL
        Acting United States Attorney

By:   */s/ Elham Peirson*
      ELHAM PEIRSON
      PATRICK KING
      Assistant United States Attorneys
      219 South Dearborn Street
      Fifth Floor
      Chicago, Illinois 60604
      (312) 353-5341