UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 19 CR 582 |
| | ) | |
| DAVID IZSAK | ) | Hon. Manish S. Shah |
| | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTIONS IN LIMINE**

Now comes the Defendant, David Izsak, by and through his attorneys, Nishay K. Sanan and Cece White, and respectfully requests that this Court deny the government's motions *in limine*. In support, Mr. Izsak states:

**I. Motion to Admit Evidence of Izsak's Prior Criminal Convictions**

The government seeks to admit evidence of Mr. Izsak's prior criminal convictions pursuant to Federal Rule of Evidence 609. The convictions that the government seeks to admit are 24 years old. When more than ten years have passed since the conviction, evidence of the conviction is admissible only if the "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). When determining whether the probative value of a prior conviction outweighs any potential prejudice, courts consider the following factors: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Gant*, 396 F.3d 906, 909 (7th Cir. 2005) (quoting *Rodriguez v. United States*, 286 F.3d 972, 983 (7th Cir. 2002)).

The government has failed to offer "specific facts and circumstances" demonstrating a probative value, let alone one that "substantially outweighs," the prejudicial effect. Fed. R. Evid. 609(b)(1). As to impeachment value, the government argues that the convictions are for serious crimes, but the government fails to provide any analysis of how the underlying facts of these prior convictions provide any impeachment value. ECF No. 99 at 5-6. As to the second factor, the government claims that while the convictions are 24

1

years old, the scheme charged here allegedly began in 2005 and thus, these convictions could be used to "show a pattern of felonious conduct." *Id.* at 6. When prior convictions are admissible, the jury may consider them only in deciding the believability of the Defendant's testimony. *See* Pattern Criminal Jury Instructions of the Seventh Circuit (2022 ed.) 3.06. It would be improper for the government to suggest at trial, as it does in this motion, that these prior convictions demonstrate that Mr. Izsak has a propensity to commit crimes and thus acted in accordance with that trait here.

Further, the government claims that the crimes are similar because they are crimes of dishonesty. While deceptive practices may qualify as a crime of dishonesty, the same is not automatically true of theft. The Seventh Circuit has held that "the term 'dishonesty' in Rule 609(a)(2) mean[s] something more than a man's propensity to steal what does not belong to him." *United States v. Papia*, 560 F.2d 827, 846 (7th Cir. 1977). Thus, whether a prior theft conviction qualifies as a crime of dishonesty depends on the specific facts of the case. *See e.g. United States v. Amaechi*, 991 F.2d 374, 378 (7th Cir. 1993) (holding that shoplifting would not qualify as a crime of dishonesty unless it involves items of significant value). The government does not provide any factual basis for finding that this theft conviction qualifies as a crime of dishonesty. As to deceptive practices, the government fails to describe the prior crimes or connect them to impeachment value.

These issues are further complicated by the fact that the prior convictions have been sealed. While they are nonetheless present on his background report, this makes it difficult to verify certain details by checking the records of the prosecuting Court. *See* Criminal History Report filed as **Sealed Exhibit A**. For example, the government writes that there is a class 4 felony theft charge and a class 4 felony deceptive practice charge. ECF No. 99 at 4. However, the Criminal History Report indicates a disposition of "guilty," on only the deceptive practice charge and states elsewhere that the class 4 theft count was stricken. *See* **Sealed Exhibit A** at 4. Because the records are sealed, each charge is not accompanied by its own count number, and it becomes difficult to confirm whether the plea was to one or more counts on this case. *Id.* Further, it cannot be confirmed whether Mr. Izsak pled guilty to these charges under an agreement such as supervision or deferred prosecution. Supervision is an especially common plea offer for Class A misdemeanor charges like those the government seeks to admit. The Seventh Circuit has held that because "Illinois law clearly

contemplates that a sentence of supervision does not constitute a conviction for evidentiary purposes," such a sentence does not qualify as a "conviction" to attack credibility under Rule 609. *Amaechi*, 991 F.2d at 378 (citing *People v. Schuning*, 106 Ill. 2d 41 (1985); *People v. Leeks*, 143 Ill. App. 3d 46 (Ill. App. Ct. 1986). While the exact nature of the plea agreements cannot be verified with the available records, it is very possible that some would not qualify for admission.

Overall, the government failed to meet its burden to demonstrate a probative value that substantially outweighs the prejudicial effect using specific facts and circumstances. There is a strong prejudicial effect associated with these prior convictions, especially given the lack of verifiable information surrounding the underlying facts and the disposition of these charges. Further, the Seventh Circuit has held that "the legislative history leading to the enactment of Rule 609 indicates that "it is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." *United States v. Fallon*, 348 F.3d 248, 254 (7th Cir. 2003) (quoting *United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir. 1977)). This case does not present the "exceptional circumstances," in which 24-year-old convictions are admitted and the government has failed to prove otherwise. For these reasons, the Court should deny this motion.

## II.     Motion to Bar Jury Nullification Arguments

The Defendant has no intention of arguing for jury nullification, in general, or in the specific ways identified by the government's motion. This motion should be denied as moot.

## III.     Motion to Preclude Argument Concerning Missing Witnesses

The Defendant has no intention of arguing that the jury should draw an inference from the lack of testimony from a witness not under the control of either side. The Defendant is not aware of any witness who is not under the control of either side to which this motion would apply. However, the government also seems to seek exclusion of any reference to the fact that certain witnesses did not testify. If the government fails to meet its burden at trial, the defendant may argue that evidence was lacking, even if that evidence could have come from an uncalled witness within the government's control. The Defendant currently has no intention of raising this type of argument. Thus, the Defendant requests that the Court deny this motion *in limine* and reserve ruling on any such issue should circumstances change at trial.

### IV. Motion to Bar Comments Regarding Discovery

The Defendant has no intention of commenting on discovery matters in the presence of the jury. Should any such matters become relevant at trial, the defense will raise them with the Court. This motion should be denied as moot.

### V. Motion to Bar Comments Regarding Evidentiary Rulings

The Defendant has no intention of improperly commenting on evidentiary rulings. This motion should be denied as moot.

### VI. Motion to Preclude any Argument or Evidence Relating to Alibi or Unavailability, Mental Defect, or Public Authority

The government moves to exclude any argument or evidence relating to an alibi defense claiming that the Defendant failed to provide timely notice. Federal Rule of Evidence Rule 12.1 "requires a defendant to disclose, *upon receipt of a written government request*, whether he intends to offer an alibi defense…" *United States v. Bouye*, 688 F.2d 471, 474 (7th Cir. 1982) (citing Fed. R. Evid. 12.1) (emphasis in original). The written government request triggers the defendant's obligation to provide notice. *Id.* The government's writing must request notice of any intended alibi defense and must state the time, date, and place of the alleged offense. Fed. R. Evid. 12.1(a)(1). After receipt of the government's request, the Defendant has 14 days to respond. *Id.* at 12.1(a)(2). The Defendant has received no such request. Thus, the government's motion to bar any alibi witnesses must be denied.

The government further seeks to bar any defense of a mental defect and any defense of public authority pursuant to the notice requirements of Federal Rules of Evidence 12.2 and 12.3. The Defendant has no intention of asserting either defense. These motions should be denied as moot.

### VII. Motion to Exclude Argument or Evidence of Lawfulness or "Good Character"

The Defendant has no intention of introducing evidence of lawfulness to prove that he acted lawfully on the occasions alleged in the indictment. This motion should be denied as moot.

### VIII. Motion to Exclude References to Defendant's Health

The Defendant has no intention of arguing that he had a diminished capacity at the time of the alleged crimes. Thus, to the extent that this is what the motion seeks to exclude, the motion should be denied as moot. However, if the government intends to exclude any reference to the Defendant's health, in general, the motion should be denied in that it is possible that Mr. Izsak's overall wellbeing could become relevant at trial. The government cites no authority for the position that a broad category, such as "Defendant's health" should be excluded, and relevancy objections could be ruled on at trial to the extent that they arise. Thus, the motion should be denied.

### IX. Motion to Exclude Evidence or Argument Regarding Victim Lender's Possible Negligence

The Defendant has no intention of claiming that he is not guilty because the lenders engaged in negligent conduct that caused their own loss. This motion should be denied as moot.

### X. Motion to Exclude Explanations of Reasonable Doubt

The Defendant has no intention of defining reasonable doubt to the jury and this motion should be denied as moot.

### XI. Motion to Exclude Irrelevant Evidence and Testimony of Yale Schiff's Other Bad Acts

The government seeks to exclude evidence and testimony "for the purpose of establishing other crimes and other bad acts committed by Yale Schiff that are not charged in this case." ECF No. 99 at 19. First, to be clear, the Defendant has no intention of offering evidence of other crimes or bad acts committed by Yale Schiff to suggest that Yale Schiff has a propensity to commit crimes as is forbidden by Rule 404(b). Thus, this motion should be denied as moot.

It is important to clarify, however, that Defendant may offer evidence of Yale Schiff's involvement in the crimes that are charged in this case. Yale Schiff and David Izsak were indicted on nearly identical schemes occurring at the same time and were each charged with separate executions of that scheme allegedly committed in extremely similar ways. *See* David Izsak Indictment attached as **Exhibit B**; Yale Schiff Indictment attached as **Exhibit C.** For example, they are both charged with fraudulently obtaining HELOC's, even from the same financial institution in the same month, and then falsely providing mortgage lien release documents to the Cook County recorder of deeds. *See* **Exhibit B** at 5-8; **Exhibit C** at 5-12. Both

5

indictments allege the use of the same fake identities including the Jeff Kaplan Fake Identity (**Exhibit B** at 1(f); **Exhibit C** at 1(g)); the Sam Rosen Fake Identity (**Exhibit B** at 1(g); **Exhibit C** at 1(h)); the L.I. stolen identity (**Exhibit B** at 1(h); **Exhibit C** at 1(i)); and the J.G. Stolen Identity (**Exhibit B** at 1(i); **Exhibit C** at 1(j)). There will undoubtedly be overlap in the government's evidence between these two cases. Yale Schiff has pled guilty and is awaiting sentencing. *See* Case No. 19 CR 474. While he is not on the government's list of witnesses, the government has included him as a name that they anticipate referencing at trial. ECF No. 101 at 3.

Yale Schiff is a co-schemer who was heavily involved in Mr. Izsak's alleged scheme to defraud financial institutions. He is named multiple times in Mr. Izsak's indictment. *See* **Exhibit B** at ¶¶ 1(d), 35, 37, 39, 40. For example, Yale Schiff allegedly aided Mr. Izsak in the execution of this scheme to defraud by opening a company using the Jeff Kaplan Fake Identity and purchasing a cashier's check payable to Mr. Izsak which he deposited into Mr. Izsak's bank account. *Id.* at ¶ 39. Multiple pieces of evidence in discovery that Mr. Izsak expects the government to admit at trial will directly involve Yale Schiff. The defense certainly anticipates that evidence about Yale Schiff will be brought up at trial by both sides. None of this is evidence of other crimes or bad acts of Yale Schiff; it is direct evidence of the scheme to defraud alleged in the indictment. For this reason, this motion should be denied.

**XII.    Conclusion**

For the above reasons, each of the government's motions *in limine* should be denied.

Respectfully submitted,

*/s/ Nishay K. Sanan*
nsanan@aol.com

*/s/ Cece White*
cece@sananlaw.com

Nishay K. Sanan, Esq.
53 W. Jackson Blvd., Suite 1424
Chicago, Illinois 60604
Tel: 312-692-0360
Fax: 312-957-0111

6