**Exhibit A**

```
                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION


UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )   Docket No. 19 CR 582
                               )
         vs.                   )
                               )
DAVID IZSAK,                   )   Chicago, Illinois
                               )   August 16, 2023
              Defendant.       )   1:30 p.m.


                  TRANSCRIPT OF PROCEEDINGS -
                    Final Pretrial Conference
                BEFORE THE HONORABLE MANISH SHAH

APPEARANCES:

For the Plaintiff:        HON. MORRIS PASQUAL
                          ACTING UNITED STATES ATTORNEY
                          BY:  MR. PATRICK KING
                               MS. ELHAM M. PEIRSON
                          219 South Dearborn Street
                          Chicago, Illinois   60604


For the Defendant:        LAW OFFICE OF NISHAY K. SANAN
                          BY:  MR. NISHAY K. SANAN
                               MS. CECE WHITE
                          53 West Jackson Boulevard, Suite 1437
                          Chicago, Illinois   60604




Court Reporter:           FRANCES WARD, CSR, RPR, RMR, FCRR
                          Official Court Reporter
                          219 S. Dearborn Street, Suite 2524A
                          Chicago, Illinois   60604
                          (312) 435-5561
                          frances_ward@ilnd.uscourts.gov
```

1     that belong to somebody in the Schiff family, there's Leia's
2     social security card or a copy of it.  There is a copy of
3     multiple credit cards.
4          So it's our position that Yale Schiff -- and the
5     government knows our defense -- is the person who did all
6     this stuff because he had access to Mr. Izsak's personal
7     information.  They were business partners.  They shared an
8     office.  He had full access to all the information.
9          The other issue, then, Judge, becomes -- so if you
10    look at Counts III and IV, which we had originally filed a
11    motion to dismiss because of the execution issue, they are
12    Recorder of Deed documents.
13         On those Recorder of Deed documents, there is false
14    notaries, according to the investigation of the government.
15    But that same fake notary is used on multiple Recorder of
16    Deeds documents that Yale Schiff's properties involved.
17         So it shows that Yale Schiff has full ability to do
18    all this on his own without David Izsak, which is a defense.
19    It's that somebody else did this, and it was his business
20    partner.
21         But for stuff that's, I guess, not charged but
22    almost identical, you have the same fake notary.  You have
23    some signatures that are almost the same on all these -- I
24    mean, it's not going to be more than one or two additional.
25         But if you look at -- and we have Mr. Schiff on our

1 witness list, and his counsel will accept service of subpoena
2 from us on that.
3 But there's the connection of -- they are going to
4 say David Izsak did this, and he's the only one who had the
5 ability to do this, when, if you look at Yale Schiff, who's
6 in this indictment as part of this large scheme, had access
7 to everything and had the tools to do the same acts that
8 Mr. Izsak is charged with.
9 THE COURT: So the government's motion with respect
10 to Yale Schiff is granted in part and denied in part.
11 If -- what is excluded are acts of Mr. Schiff that
12 are not relevant or connected to any of Mr. Izsak's charged
13 offenses.
14 But if there are acts of Mr. Schiff that do bear on
15 a charge execution, it may be relevant for the defense to
16 point out that someone else had access to what the government
17 is saying is information attributable to Mr. Izsak.
18 I think that should give you enough of guidance as
19 to where this is.
20 The main concern is -- as I take it and for me --
21 is that I am prohibiting the defense from simply proving up
22 the indictment against Mr. Schiff to say, Mr. Yale Schiff
23 committed all of this other -- other fraud.
24 But if the defense has admissible evidence to
25 attribute conduct alleged against Mr. Izsak as being

1 attributable, in fact, to Mr. Yale Schiff, that may, in fact,
2 be relevant and admissible.
3 So with that guidance, the government's
4 motion *in limine* as to Mr. Yale Schiff is granted in part and
5 denied in part.
6 Let's talk about the defendant's motion *in limine*
7 No. 1, about the scheme. And that's related to the -- I
8 think, the motion -- or the government's interest in
9 narrowing or striking parts of the indictment.
10 I don't agree that the government is required to
11 prove every allegation that it has charged as the scheme to
12 defraud in this case.
13 And narrowing the indictment by removing
14 allegations is not an impermissible variance so long as the
15 proof is still within the charges that the grand jury
16 returned and so long as the offense is the same: a scheme to
17 defraud a financial institution.
18 That the motion to dismiss was denied does not mean
19 that the government must therefore prove everything that is
20 in the indictment, or -- and it does not mean that proof of
21 part of the charged scheme would be insufficient to prove the
22 government's case.
23 So long as government's proof is within the scheme
24 charged in the indictment, the defendant has received notice
25 and has received a grand jury's determination of probable